IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JEROME COAST, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 623-029 |
| | ) | |
| WARDEN BRIAN ADAMS; MICHAEL | ) | |
| HARTMEYER, Unit Manager; CERT | ) | |
| TEAM SERGEANT JACKSON; | ) | |
| TYRONE OLIVER; MS. WESTIN; | ) | |
| WARDEN COX; UNKNOWN OFFICER, | ) | |
| IRT/Cobra Squad; OFFICER | ) | |
| WITFIELD; and JOSEPH BARNES,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Georgia Diagnostic and Classification State Prison in Jackson, Georgia, filed this case pursuant to 42 U.S.C. § 1983, concerning events alleged to have taken place at Smith State Prison ("SSP") in Glennville, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

---

[1] The Court **DIRECTS** the **CLERK** to update the Defendants in accordance with the caption on this Order, which is consistent with Plaintiff's amended complaint. (See doc. no. 5.)

**I.     SCREENING THE AMENDED COMPLAINT**

In both his original and amended complaint, Plaintiff named as Defendants:  (1) Warden Brian Adams, (2) Captain Michael Hartmeyer, (3) CERT Team Sergeant Jackson, (3) Tyrone Oliver, (4) Ms. Westin, (5) Unknown Officer – IRT/Cobra Squad, (6) Warden Cox, (7) Officer Witfield, and (8) Officer Joseph Barnes.  (Doc. no. 1, pp. 1, 3; doc. no. 5, p. 1.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

During March or April 2021, after Defendant arrived at SSP, he was placed in a cell with another inmate with no mattress for three or four days.  (Doc. no. 5, p. 13.)  They had to share one mattress.  (Id.)  Defendants Jackson and Unknown Officer put a "naked" inmate, with only boxers on, in Plaintiff's cell.  (Id. at 5, 13, 15.)  Plaintiff told Defendants he was "not affiliated" with him, but they still put him in the cell.  (Id. at 13.)  The inmate tried to rape Plaintiff.  (Id. at 5, 12-13, 15.)  Plaintiff beat him and tied him in the fetal position with a sheet around his neck, arms, and legs—killing the inmate.  (Id. at 5, 12-13, 15.)

At an unknown point, Plaintiff was punched in the face by Defendant Unknown Officer, fell to the floor, and cut his elbow on his razor.  (Id. at 5, 13.)  Because Plaintiff was bleeding from the cut, he was sent to medical and then the hospital.  (Id. at 13.)  After returning to SSP, he was again placed in a strip cell for several days, but the water was off and a light did not work.  (Id.)

At another unidentified point, Plaintiff filed a PREA claim asserting Defendant Hartmeyer threatened to send an inmate to rape and kill him.  (Id. at 13.)  Plaintiff requested protective custody and called a suicide hotline, saying he was in fear for his life.  (Id.)  Defendant Hartmeyer placed Plaintiff in a strip cell for three weeks as a form of retaliation for

2

filing the claim and calling the hotline.  (Id. at 5, 13.)  Plaintiff did not have a mattress, blanket, sheets, clothes, or shoes.  (Id. at 13.)  He had to undergo mental health evaluations and speak with Defendant Ms. Westin before he was able to leave.  (Id.)  After being released from the strip cell and transferred to Georgia Diagnostic and Classification State Prison, he did not receive the entirety of his personal property.  (Id.)  Plaintiff also never received his three stimulus checks from President Trump during the pandemic.  (Id. at 5.)  Plaintiff requests his three stimulus checks and compensatory and punitive damages.  (Id.)

### B.     DISCUSSION

#### 1.     Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

3

Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Adams, Oliver, Westin, Cox, Witfield, and Barnes

As the Court previously explained, Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).  Further, the Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

4

Plaintiff does not make any allegations associating Defendants Adams, Oliver, Westin, Cox, Witfield, and Barnes with purported constitutional violations in his amended complaint. (See generally doc. no. 5.) Plaintiff lists them without any context and does not mention them anywhere in his statement of the claim. (Id.) Dismissal of Defendants Adams, Oliver, Westin, Cox, Witfield, and Barnes is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

      **3.      Plaintiff Fails To State a Valid Failure to Protect Claim Against Defendants Jackson, Unknown Officer, and Hartmeyer**

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

5

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34).  To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted).  These three elements are evaluated in part by an objective standard and in part by a subjective standard.  See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

>As the Eleventh Circuit explained,
>
>When examining the first element—a substantial risk of serious harm—the court uses an objective standard.  The second element—the defendant's deliberate indifference to that risk—has two components:  one subjective and one objective.  To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm.  To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence

6

or error in good faith.").

Plaintiff alleges Defendants Jackson and Unknown Officer put an inmate, "naked" with only boxers on, in his cell and the inmate tried to rape him. (See generally doc. no. 5.) Plaintiff then beat up, tied up, and killed the inmate. (Id.) However, Plaintiff does not allege Defendants knew of any specific threats to Plaintiff or had advanced knowledge that the inmate would attempt to rape Plaintiff. There was no deliberate indifference here as Defendants were unaware of any substantial risk to Plaintiff. Thus, Plaintiff fails to state a claim against Defendants Jackson and Unknown Officer.

Moreover, to the extent Plaintiff may be attempting to connect the alleged rape with Defendant Hartmeyer's threat to send an inmate to rape and kill him, Plaintiff fails to provide any details about the timing of these incidents and does not assert Defendants Jackson and Unknown Officer placed the inmate with Plaintiff under any direction from or were aware of the alleged threat by Defendant Hartmeyer. The little detail Plaintiff provides regarding the nature of Defendant Hartmeyer's statement does not save his complaint, as he still fails to allege any injuries or risk specifically due to the threat.

Regardless, while discussing claims of sexual harassment by prison guards, the Eleventh Circuit has held "'verbal taunts . . . however distressing' do not violate a prisoner's constitutional rights under the Eighth Amendment." In re Eric Watkins Litig., 829 F. App'x 428, 431 (11th Cir. 2020) (quoting Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989). Likewise, "actions alleging defamation of character or injury to reputation are not cognizable in a § 1983 action" and "a plaintiff may not recover under § 1983 for mental or emotional injury." Hendrix v. Walker, No. CV106-128, 2007 WL 842029, at *4 (S.D. Ga. Mar. 15, 2007) (citing 42 U.S.C.1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional

facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.")). Plaintiff does not allege more than a verbal action and emotional or reputational injuries, so his complaint fails to state a claim against Defendant Hartmeyer under the Eighth Amendment.

### 4. Plaintiff Inadequately Identifies Defendant Unknown Officer

Plaintiff alleges Defendant Unknown Officer punched him in the face, he fell to the floor, and cut his elbow on his razor. (Doc. no. 5, pp. 5, 13.) Generally, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). An exception exists, "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage,'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In Richardson, the Eleventh Circuit Court of Appeals found merely describing a John Doe defendant as a correctional officer "was insufficient to identify the defendant among the many guards employed [at the facility.]" Id.

Plaintiff has provided insufficient information to identify this Defendant. The Court knows nothing about the Defendant except that he was an officer, potentially in the IRT or Cobra Squad, at Smith State Prison sometime during March or April 2021. (See generally doc. no. 5.) Thus, the Court must recommend dismissal of Defendant Unknown Officer.

### 5. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing Defendants Adams, Hartmeyer, Jackson, and Oliver in their official capacities. (Doc. no. 5, pp. 2-3.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against these Defendants for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** dismissal of all claims against Defendants Adams, Jackson, Oliver, Westin, Unknown Officer, Cox, Witfield, and Barnes, as well as the failure to protect claim and any official capacity claim for monetary damages against Defendant Hartmeyer. By separate Order, the Court directs service of process for Plaintiff's retaliation claim against Defendant Hartmeyer.

SO REPORTED and RECOMMENDED this 20th day of July, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA